IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUMONT BUSH,** | : |
| Petitioner | : CIVIL NO. 1:CV-09-02152 |
| v. | : (Judge Rambo) |
| **UNITED STATES,** | : |
| Respondent | : |

## **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Dumont Bush ("Bush"), an inmate currently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania. (Doc. 1.) Bush is challenging his conviction by raising actual innocence and miscarriage of justice claims. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

On October 30, 1996, Bush was convicted on three charges of a bank robbery conspiracy in the United States District Court for the Eastern District of Pennsylvania. (Doc. 9 at 2.) On January 21, 1997, he was sentenced to a term of imprisonment of 210 months, five years supervised release, restitution and a special assessment. (*Id*.) On January 31, 1997, Bush filed a direct appeal. (*Id*.) The United States Court of

Appeals for the Third Circuit denied relief on all grounds and affirmed his conviction and sentence on April 24, 1998. (*Id.*)

On June 26, 2001, Bush filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the Eastern District court. (*Id.* at 2-3.) The court denied Bush's § 2255 petition on September 21, 2001. (*Id.* at 3.)

On September 30, 2009, Bush filed an application for leave to file a second or successive § 2255 petition pursuant to 28 U.S.C. § 2244(b) with the Third Circuit court.[1] (*Id.*) On that same day, the Third Circuit court issued an order directing Bush

---

[1] Under 28 U.S.C. § 2255(h),

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Further, 28 U.S.C. § 2244(b) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

 (ii) the facts underlying the claim, if proven and viewed in the light of the evidence

to submit additional documents in support of his application within twenty-one days.[2] (*Id.*; Doc. 9-2 at 28.) The court advised Bush that failure to file these documents before the deadline could result in dismissal of the case. (*Id.*) To date, Bush has not filed the requested documents. (Doc. 9 at 3.) Further, the Third Circuit court has not granted him leave to file a second or successive habeas petition under § 2255. (*Id.*)

Bush filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 4, 2009. (Doc. 1.) On November 20, 2009, an order to show cause was issued, directing the respondent to reply to Bush's petition. (Doc. 6.) The matter is now ripe for disposition.

---

> as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

[2] Specifically, the court directed Bush to provide the following documents:

(1) the new proposed habeas petition;
(2) the petition(s) filed in prior habeas action(s) [E.D. Pa. 95-cr-00407];
(3) any magistrate judge's report(s) regarding the prior habeas action(s) [E.D. Pa. 95-cr-00407]; and
(4) the district court opinion(s) and/or order(s) regarding the prior habeas action(s) [E.D. Pa. 95-cr-00407].

(Doc. 9-2 at 28.)

3

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *see also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (stating challenges to a federal sentence should be brought in a § 2255 motion). The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255(a) (the motion must be filed in "the court which imposed the sentence").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United*

*States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In his petition, Bush claims that he should be granted relief because his counsel was ineffective; he lacked legal materials; he was not permitted to communicate with a co-defendant in the bank robbery conspiracy proceedings; and, until recently, he had not learned about prosecutorial misconduct and exculpatory evidence concerning witnesses who testified at trial. (Doc. 1 at 3-4.) In asserting these claims, Bush has not demonstrated that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. Initially, Bush's claims do not fall within the narrow exception outlined in *Dorsainvil*, in which § 2241 relief would be available. In *Dorsainvil*, the Third Circuit Court of Appeals held that § 2241 relief was available

5

only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *Dorsainvil*, 119 F.3d at 251. Here, unlike the petitioner in *Dorsainvil,* Bush has not asserted that there was some intervening change in the law after he filed his first § 2255 motion such that he was unable to raise his actual innocence claims in that motion.

Further, the fact that Bush's present circumstances preclude him from invoking the remedy available to him under § 2255 does not demonstrate the inadequacy or inefficacy of the remedy itself.[3] *See Cradle*, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). As noted above, that a § 2255 motion may be time-barred is not a valid reason for pursuing

---

[3] Section 2255 contains a one-year statute of limitations. Specifically, § 2255 provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

relief under section 2241. *Id*. at 539. Moreover, Bush has not been granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals. Under the requirements set forth in § 2244(b), Bush's instant successive petition cannot be entertained by the court.

### III. Conclusion

Based on the foregoing discussion, Bush's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: April 14, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DUMONT BUSH,** :
:
    Petitioner : CIVIL NO. 1:CV-09-02152
:
v. : (Judge Rambo)
:
**UNITED STATES,** :
:
    Respondent :

# **O R D E R**

**AND NOW**, this 14th day of April, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

    2) The Clerk of Court is directed to **CLOSE** this case.

                                      s/Sylvia H. Rambo
                                      United States District Judge